**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TROY A. AUTIN, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1795** |
| **TERRY TERRELL, WARDEN** | **SECTION "B"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.    Factual Background

The petitioner, Troy A. Autin, Jr. ("Autin"), is a convicted inmate incarcerated in the Allen Correctional Center in Kinder, Louisiana.[2] On November 13, 2007, Autin was charged by bill of

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

information in Jefferson Parish with two counts of first degree robbery.[3]  At a hearing held on May 28, 2008, Autin, who was accompanied by counsel, entered pleas of guilty to each count and was sentenced by the Trial Court to serve 15 years in prison without benefit of parole, probation, or suspension of sentence, on each count with the sentences to run concurrently.[4]  Autin did not immediately appeal the conviction or the sentences.  As part of the plea agreement, the State agreed not to pursue a multiple bill.[5]

On February 25, 2009, Autin filed a motion seeking to amend or modify his sentence based on his good behavior, his willingness to provide information regarding known felons, and his mother's ill-health.[6]  The Trial Court denied the motion on February 27, 2009, finding the request to be procedurally barred pursuant to La. Code Crim. P. art. 881 which prohibits amendment of a hard-labor sentence already being served or which was the result of a plea agreement.[7]

On May 12, 2009, Autin submitted an application for post-conviction relief in which he raised two grounds for relief:[8] (1) insufficient evidence to sustain his arrest and the plea; and (2) he was denied the right to effective assistance of counsel, because counsel failed to have the evidence suppressed and he failed to investigate the arrest.  The Trial Court denied the application on June

---

[3]St. Rec. Vol. 1 of 3, Bill of Information, 11/13/07.

[4]St. Rec. Vol. 1 of 3, Plea Minutes, 5/30/08; St. Rec. Vol. 1 of 3, Plea Transcript, 5/30/08.

[5]*Id.*

[6]St. Rec. Vol. 1 of 3, Motion to Amend or Modify Sentence, 2/25/09.

[7]St. Rec. Vol. 1 of 3, Trial Court Order, 2/27/09.

[8]St. Rec. Vol. 1 of 3, Uniform Application for Post-Conviction Relief, 6/5/09 (dated 5/12/09).

15, 2009, finding the claims procedurally barred from review pursuant to La. Code Crim. P. art. 930.4(C), because the claims could have been raised on appeal.[9]

In the meantime, on May 28, 2009, Autin moved the Trial Court to suppress the evidence based on a lack of probable cause for his arrest.[10] The Court denied the motion as barred from review because of the plea.[11]

On October 22, 2009, Autin submitted a second application for post-conviction relief in which he raised three grounds for relief:[12] (1) counsel provided ineffective assistance, because he forced Autin to plea instead of arguing the motion to suppress; (2) he was not able to appeal within the time limits allowed by Louisiana law; and (3) the evidence was seized without probable cause for his arrest. On November 3, 2009, the Trial Court dismissed the application and granted Autin's request for leave to file an out-of-time appeal.[13]

On appeal, Autin's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), finding no non-frivolous issues to raise on appeal.[14] Autin filed a *pro se* supplemental brief in which he argued that the factual basis given by the State was insufficient to support the guilty pleas, because the second count did not identify a person as the victim.[15]

---

[9]St. Rec. Vol. 1 of 3, Trial Court Order, 6/15/09.

[10]St. Rec. Vol. 1 of 3, Motion to Suppress, 6/5/09 (dated 5/28/09).

[11]St. Rec. Vol. 1 of 3, Trial Court Order (2), 6/15/09.

[12]St. Rec. Vol. 1 of 3, Uniform Application for Post-Conviction Relief, 10/27/09 (dated 10/22/09).

[13]St. Rec. Vol. 1 of 3, Trial Court Order, 11/3/09.

[14]St. Rec. Vol. 1 of 3, Appeal Brief, 09-KA-995, 12/15/09.

[15]St. Rec. Vol. 1 of 3, Supplemental Appeal Brief, 09-KA-995, 2/1/10 (dated 1/25/10).

On April 27, 2010, the Louisiana Fifth Circuit Court of Appeal approved the *Anders* brief and found no non-frivolous issues to address.[16] In connection with the *pro se* brief, the Court further held that Autin waived his right to appeal his convictions or sentences. The Court first noted as a general matter that Autin's plea of guilty waived all non-jurisdictional defects occurring prior to the plea and precluded review of his claims. The Court, however, specifically found that Autin did not lodge objections to the factual basis or to the Trial Court's acceptance thereof which amounted to a waiver of his right to have the claims reviewed on appeal. The Court also noted in the alternative that the Trial Court was not required to ascertain a factual basis for Autin's unqualified plea of guilty. For these reasons, the Court affirmed Autin's convictions and sentences.

On May 11, 2010, Autin submitted a writ application to the Louisiana Supreme Court arguing that the factual basis was insufficient to support the convictions.[17] On December 10, 2010, the Louisiana Supreme Court denied the application without stated reasons.[18]

Autin's conviction became final 90 days later, on March 10, 2011, when he did not file a writ of certiorari with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1); *see also*, *Jiminez v. Quarterman*, 555 U.S. 113, 121 (2009) (where a state court grants a criminal defendant the right to file an out-of-time appeal during state collateral review, his judgment is not yet final for purposes of seeking federal habeas review).

---

[16]*State v. Autin*, 40 So.3d 193 (La. App. 5th Cir. 2010); St. Rec. Vol. 3 of 3, 5th Cir. Opinion, 09-KA-995, 4/27/10.

[17]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 10-KO-1154, 5/20/10 (dated 5/11/10); La. S. Ct. Letter, 2010-KO-1154, 5/20/10 (showing postmark 5/13/10).

[18]*State v. Autin*, 51 So.3d 725 (La. 2010); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2010-KO-1154, 12/10/10.

## II.    Federal Petition

On July 22, 2011, the clerk of this Court filed Autin's petition for federal habeas corpus relief in which he argues that the factual basis given by the State was insufficient to support the guilty pleas, because the second count did not identify a person as the victim.[19]

In its response, the State argues that Autin's claim is procedurally barred from review having been procedurally defaulted and barred from review by the state courts for lack of contemporaneous objection under La. Code Crim. P. art. 841.[20]  The State further argues in the alternative that the claim is without merit.

## III.    Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[21] applies to Autin's petition, which is deemed filed in this court under the federal mailbox rule on June 16, 2011.[22]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was

---

[19]Rec. Doc. No. 1.

[20]Rec. Doc. No. 11.

[21]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[22]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of the Court filed Autin's federal habeas petition on July 22, 2011, when the filing fee was paid.  Autin dated his signature on the petition on June 16, 2011, which is presumed to be the earliest date on which he could have been submitted the pleadings to prison officials for mailing.  The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition.  *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State has conceded the timeliness of the filing and the exhaustion of the claim raised. The State argues, however, that Autin's claim is procedurally barred from review. The Court will address the respondent's procedural default defense, which will provide a basis for the dismissal of this petition.

## IV. <u>Procedural Default</u>

Autin raised his challenge to the sufficiency of the factual basis in his out-of-time appeal. The Louisiana Fifth Circuit found that the claim was procedurally barred from review for lack of a contemporaneous objection. This was the last reasoned decision on the issue. *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion).

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is both independent of the merits of the federal claim and adequate to support that judgment. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125 (1998); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)). The "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or post-conviction review. *Coleman*, 501 U.S. at 731-32; *Amos*, 61 F.3d at 338. This type of procedural

default will bar federal court review of a federal claim raised in a habeas petition when the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.

This Court must consider whether the procedural bar to review relied upon by the Louisiana courts prohibits consideration of the claim on federal habeas corpus review. For a state-imposed procedural bar to prevent review by this federal habeas court, the bar must be both independent and adequate.

### A. Independent and Adequate State Grounds

A dismissal is independent of federal law when the last state court "clearly and expressly" indicated that its judgment rests on a state procedural bar. *Amos*, 61 F.3d at 338. To be adequate, the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. *Walker v. Martin*, __U.S.__, 131 S.Ct. 1120, 1127 (2011); *Glover*, 128 F.3d at 902. A state procedural rule, however, "can be 'firmly established' and 'regularly followed,' - even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard v. Kindler*, __U.S.__, 130 S. Ct. 612, 618 (2009). The question of the

adequacy of a state procedural bar is itself a federal question.[23] *Beard*, 130 S. Ct. at 617 (citing *Lee v. Kemna*, 534 U.S. 362, 375 (2002)).

In this case, the Louisiana courts denied relief on Autin's sufficiency issue finding that the lack of a contemporaneous objection barred review of the claim on appeal. Louisiana law, specifically La. Code Crim. P. art. 841, provides that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." It is well settled that the "contemporaneous objection" rule is an "independent and adequate" state procedural ground which bars federal habeas corpus review. *Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977). The reasons for the state courts' dismissal of Autin's claim, therefore, was independent of federal law and relied strictly on state procedural requirements. *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.

The failure to preserve a claim under La. Code Crim. P. art. 841 also is an adequate state grounds which bars review by the federal courts in a habeas corpus proceeding. *See Toney v. Cain*,

---

[23]In evaluating the adequacy of the rules applied to bar a petitioner's claim, a federal habeas court does not sit to correct errors made by state courts in interpreting and applying state law. *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); and citing *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996)); *accord Turner v. Johnson*, 46 F. Supp.2d 655, 674 (S.D. Tex. 1999). Rather, a federal court's analysis focuses on due process considerations, and due process requires only that the Court grant the writ when the errors of the state court make the underlying proceeding fundamentally unfair. *Neyland v. Blackburn*, 785 F.2d 1283, 1293 (5th Cir. 1986) (citing *McAffee v. Procunier*, 761 F.2d 1124, 1126 (5th Cir. 1985)); *Lane v. Jones*, 626 F.2d 1296 (5th Cir. 1980)).

In keeping with this rule, a state procedural rule that is applied arbitrarily or in an unexpected manner may be considered inadequate to prevent federal review. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996); *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990).

> A federal court may not second-guess a state court's rule of procedure, but must evaluate whether the rule was actually applicable on the particular facts of the case. Otherwise, state courts could disregard federal rights with impunity simply by using the word "waived."

*United States ex rel. Bradley v. Clark*, No. 99-C-1785, 2002 WL 31133094 at *4 n.2 (N.D. Ill. July 18, 2002). For this reason, when state courts apply a procedural bar that has no foundation in the record or basis in state law, the federal courts need not honor that bar. *Davis v. Johnson*, No. 00CV684-Y, 2001 WL 611164 at *4 n.10 (N.D. Tex. May 30, 2001); *see also*, *Johnson v. Lensing*, No. 99-0005, 1999 WL 562728 at *4 (E.D. La. July 28, 1999) (Berrigan, J.) (Art. 930.8 bar was not adequate because it was not properly applied under the circumstances of the case); *Poree v. Cain*, No. 97-1546, 1999 WL 518843 (E.D. La. July 20, 1999) (Mentz, J.) (Art. 930.8 was not adequate to bar review because it was misapplied). However, where such a basis exists in state law, as it does in this case, the bar must stand.

24 F.3d 240, 1994WL243453, at *2 (5th Cir. May 20, 1994) (Table, Text in Westlaw); *Proctor v. Butler*, 831 F.2d 1251, 1253 (5th Cir. 1987); *Riggins v. Butler*, 705 F. Supp. 1205, 1208 (E.D. La. 1989); *accord*, *Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977) (Louisiana's contemporaneous objection rule is an adequate state bar to federal review of a defaulted claims). The procedural bar is also adequate in this case.

The Court recognizes that the Louisiana Fifth Circuit also commented on the lack of merit in the claim challenging the sufficiency of the factual basis. It is well settled, however, that "[a] state court expressly and unambiguously bases its denial of relief on a state procedural default even if it alternatively reaches the merits of a [petitioner's] claim." *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999). The Court here need only consider the state courts' procedural basis for denial of relief.

Because the Louisiana courts' decision rested on an independent and adequate state rule of procedural default, this court will not review Autin's claim.

### B.      Cause and Prejudice

A federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover*, 128 F.3d at 902 (citing *Coleman*, 501 U.S. at 731-32); *Amos*, 61 F.3d at 338-39 (citing *Harris*, 489 U.S. at 262; *Engle v. Isaac*, 456 U.S. 107, 129 (1982)).

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The mere fact that petitioner or his counsel failed to recognize

the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Id.* at 486.

In this case, Autin has not offered any cause for the default which would excuse the procedural bar imposed by the Louisiana courts. The Court's review of the record does not support a finding that any factor external to the defense prevented Autin from raising the claim in a procedurally proper manner. The record also does not reflect any action or inaction on the part of the State which prevented him from doing so.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle*, 456 U.S. at 134 n.43). Having failed to show an objective cause for his default, the court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice. *Ratcliff v. Estelle*, 597 F.2d 474 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir. 1977)).

Autin's claim is therefore procedurally barred from review by this federal habeas corpus court. *See Trest v. Whitley*, 94 F.3d 1005, 1008 (5th Cir. 1996) (habeas review precluded when petitioner neglected to allege actual prejudice and cause of failure to comply with state procedural rule concerning time restriction on filing for state post-conviction relief), *vacated on other grounds*, 522 U.S. 87 (1998).[24]

---

[24]The Supreme Court vacated the Fifth Circuit's opinion on grounds that a court of appeals is not <u>required</u> to raise the procedural default argument sua sponte. *Id.*

## C. __Fundamental Miscarriage of Justice__

Autin may avoid this procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed. *Hogue*, 131 F.3d at 497 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *accord Murray*, 477 U.S. at 496; *Glover*, 128 F.3d at 902. To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. *Campos v. Johnson*, 958 F. Supp. 1180, 1195 (W.D. Tx. 1997) (footnote omitted); *Nobles*, 127 F.3d at 423 n.33 (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.") When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception. *Glover*, 128 F.3d at 903.

Autin does not present any indication and the record contains nothing that suggests his actual innocence on the underlying conviction. His claim addresses alleged procedural failings in the statement of the criminal charges, and not his actual innocence. He presents no evidence or argument of the kind of actual innocence that would excuse his procedural default. He, therefore, has failed to overcome the procedural bar to his claims. The claims are procedurally barred and should be dismissed with prejudice for that reason.

## V.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Troy A. Autin, Jr.'s petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[25]

New Orleans, Louisiana, this 2nd day of December, 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[25]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.