```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**TROY A. AUTIN, JR.**                                **CIVIL ACTION**

**VERSUS**                                            **NO. 11-1795**

**TERRY TERRELL, WARDEN**                             **SECTION B(4)**

## ORDER AND REASONS

Before the Court is Petitioner Troy Autin's ("Petitioner") Objections (Rec. Doc. No. 13) to the Magistrate Judge's Report and Recommendation (Rec. Doc. No. 12), recommending dismissal with prejudice of Petitioner's habeas corpus petition under 28 U.S.C. § 2254. Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that the findings of the Magistrate Judge are **AFFIRMED**, and that Petitioner's petition for federal habeas corpus review is **DISMISSED WITH PREJUDICE**.

## PROCEDURAL HISTORY

Petitioner is a convicted inmate incarcerated at the Allen Correctional Center in Kinder, Louisiana. (Rec. Doc. No. 12 at 1). On November 13, 2007, Petitioner was charged by Bill of Information in Jefferson Parish with two counts of first degree robbery. *Id.* at 1-2. At a hearing held on May 28, 2008, Petitioner, accompanied by counsel, entered pleas of guilty to each count, and was sentenced by the trial court to serve 15 years in prison for each count without benefit of parole, probation, or suspension of sentence, with the sentences to run

concurrently. *Id.* at 2. Petitioner did not immediately appeal the conviction or the sentences, and as part of the plea agreement, the State agreed not to pursue a multiple bill. *Id.*

On February 25, 2009, Petitioner filed a motion seeking to amend or modify his sentence based on his good behavior, his willingness to provide information regarding known felons, and his mother's ill-health. *Id.* The trial court denied the motion on February 27, 2009, finding the request to be procedurally barred pursuant to LA. CODE CRIM. P. art. 881, which prohibits amendment of a hard-labor sentence already being served or which was the result of a plea agreement. *Id.* Petitioner filed a petition for post-conviction relief and additionally filed a motion to suppress evidence, both of which were later denied by the trial court. *Id.* at 2-3.

Petitioner filed the instant petition for habeas corpus relief on July 22, 2011, again, claiming that the factual basis given by the State was insufficient to support the guilty pleas, as the second count failed to identify a person as a victim. *Id.* at 5. The State's response in opposition was filed on October 4, 2011, and the Magistrate Judge issued a Report and Recommendation on December 2, 2011. *Id.* The Report and Recommendation determined that the petition should be denied and dismissed with prejudice on the grounds that Petitioner's claim is in procedural default for lack of contemporaneous objection under LA. CODE CRIM. P. art.

841. *Id.* Petitioner's objection was timely filed on December 19, 2011. (Rec. Doc. No. 13).

## CONTENTIONS OF PETITIONER

Petitioner asserts that he is entitled to habeas relief because the State's failure to identify a victim in the second count of the Bill of Information is an "error patent" which results in an insufficient factual basis to support his guilty pleas, and for which there is an exception[1] to the contemporaneous objection rule.[2] (Rec. Doc. No. 13 at 7-10). Under this alleged error patent exception, Petitioner alleges that the Louisiana Fifth Circuit's determination of the claim was "arbitrary and capricious" and violative of his Fourteenth Amendment rights of Equal Protection and Due Process, and that his claim would not be barred by procedural default. *Id.* at 9, 11. Petitioner requests that this Court grant habeas corpus relief, vacate his sentence for the second count, and leave the State with an opportunity to amend that charge, so that Petitioner may plead guilty to the amended charge. *Id.* at 11.

## CONTENTIONS OF RESPONDENT

---

1  The "error patent" exception that Petitioner alleges derives from LA. CODE CRIM. P. art. 920(2), under which "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence" shall be considered on appeal. *State v. Schrader*, 518 So.2d 1024, 1036-37 (La. 1988).

2  The contemporaneous objection rule provides that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." LA. CODE CRIM. P. art. 841.

The State did not file a response to Petitioner's Objection to the Magistrate's Report and Recommendation.

## LAW AND ANALYSIS

**A.   Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to Petitioner's petition,[3] which is deemed timely filed in this Court under the federal mailbox rule on June 16, 2011.[4] The threshold questions in habeas review are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in State court; *i.e.*, the petitioner must have exhausted State court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). As the State conceded both the timeliness of the filing and the exhaustion of the claim raised, the Magistrate Judge only considered the Respondent's contention that Petitioner's claim is procedurally barred from review. (Rec. Doc. No. 12 at 6).

The district court must make a *de novo* determination of those portions of the Magistrate Judge's findings or recommendations to which a specific written objection has been

---

3   *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998)(citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

4   *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

made. 28 U.S.C. 636(b)(1)(C); *Nettles v. Wainwright*, 677 F.2d 404, 409-410 (5th Cir. 1982). For pure questions of fact, factual findings are presumed to be correct and deference will be given to the State court's finding unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2). For questions of law or mixed questions of law and fact, this Court must defer to the State court's decision on the merits of such a claim, unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1).

A federal court may issue a writ under the "contrary to" clause if "the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than the [Supreme Court has] done on materially indistinguishable facts." *Bell v. Cone*, 523 U.S. 685 (2002). "A federal court may grant a writ under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case." *Id.* at 694.

**B.   Procedural Default**

Petitioner contends that there is an insufficient factual

basis to support his guilty pleas. Petitioner, however, failed to object to the factual basis at the time it was given and he gave his plea. Subsequently, the Louisiana Fifth Circuit Court of Appeal applied Louisiana's contemporaneous objection rule in holding that this claim was procedurally barred. The contemporaneous objection rule provides that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." LA. CODE CRIM. P. art. 841.

For a State procedural bar to prevent federal habeas review under the "independent and adequate state law" doctrine, the bar must be both independent of federal law and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Petitioner's claim may be excepted from procedural default only if he can show cause for the default, prejudice resulting from it, or demonstrate that a denial of habeas review of the defaulted claim will result in a "fundamental miscarriage of justice," which would require a showing of "actual innocence." *Id.* at 729-30; *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

   1.   **Independent and Adequate State Grounds**

In order to be independent of federal law, the last State court must "clearly and expressly indicate that its judgment rests on a state procedural bar." *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). In order to be adequate, the rule must be "one that state courts strictly or regularly follow, and one that is

applied evenhandedly to the vast majority of similar claims." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), citing, *Amos*, 61 F.3d at 339. State procedural rules enjoy a presumption of adequacy when the State court expressly relies upon them in deciding not to review a claim, and the burden is on the petitioner to demonstrate otherwise. *Id.; Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999). Because there is no suggestion or contention by Petitioner that the contemporaneous objection rule has not been evenhandedly applied, the evidence demonstrates that the procedural bar is both independent and adequate.

    2.    **Cause and Prejudice**

To demonstrate cause, the petitioner must prove that some condition external to the defense impeded his efforts to comply with the procedural rules. *Murray*, 477 U.S. at 488. Failure, by petitioner or his counsel, to recognize the factual or legal basis for a claim, or failure to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Id.* at 486. Petitioner has not alleged any external impediment and has therefore not shown cause and, as such, the Court need not determine whether prejudice existed. *Ratcliff v. Estelle*, 597 F.2d 474 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir. 1977)).

    3.    **Alleged Exception to the Contemporaneous Objection Rule**

Petitioner alleges, however, that there is an additional

exception to the contemporaneous objection rule in the form of a plain error or error patent exception. (Rec. Doc. No. 13 at 7-10). Under LA. CODE CRIM. P. art. 920(2), "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence" shall be considered on appeal. *State v. Schrader*, 518 So.2d 1024, 1036-37 (La. 1988). However, the exception is not a "plain error rule of general application," but in order to fall under the exception, the error must "cast substantial doubt on the reliability of the fact-finding process." *State v. Arvie*, 505 So.2d 44, 47 (La. 1987). Petitioner's procedural default, however, stems from his failure to object to the State's factual basis in the Bill of Information prior to making his plea. As such, it would not have related to the fact-finding process and Petitioner would be unable to use this alleged exception to avoid the procedural bar of his claim.

### 4. Fundamental Miscarriage of Justice

Petitioner may still avoid the procedural bar if he shows that a "fundamental miscarriage of justice" would result if Petitioner's claim was not reviewed, and this can only be demonstrated by a showing of actual innocence. *Murray*, 477 U.S. at 495-96. To establish actual innocence, Petitioner must show that, "in light of all the evidence ... it is more likely than not that no reasonable juror would have convicted him." *United States v. Torres*, 163 F.3d 909, 912 (5th Cir. 1999)(citing

*Bousley v. United States*, 523 U.S. 614, 624 (1998)). Additionally, "'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* When the Petitioner has not asserted his actual innocence, as here, procedural default of his claim cannot be excused by asserting a fundamental miscarriage of justice. *Glover v. Cain*, 128 F.3d 900, 904 (5th Cir. 1997). As Petitioner has failed to show cause for the default or prejudice attributed thereto, and is also unable to show a fundamental miscarriage of justice resulting from procedural default, the evidence demonstrates that Petitioner's claim is procedurally defaulted from federal habeas corpus review.

## CONCLUSION

Accordingly, **IT IS ORDERED** that the findings of the Magistrate Judge are **AFFIRMED**, and that Petitioner's petition for federal habeas corpus review is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 18th day of June, 2012.

UNITED STATES DISTRICT JUDGE